954 So.2d 856 (2007)
Katie P. WALDRIP and James Waldrip, Plaintiffs-Appellants
v.
L.Y., P.Y., Kimberly Buchberger and Kevin Buchberger, Defendants-Appellees.
No. 42,066-CA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 2007.
Rehearing Denied May 3, 2007.
Joel Lea Pearce, Shreveport, for Appellants, Katie P. Waldrip and James Waldrip.
Lemle & Kelleher, L.L.P. by Dale G. Cox, Shreveport, Counsel for Appellee Allstate Insurance Company.
Zelda Wynee Tucker, Shreveport, for Appellees L.Y. and P.Y.
Charles Joseph Neupert, Jr., for Appellees Kimberly Buchberger and Kevin Buchberger.
Before WILLIAMS, DREW and MOORE, JJ.
DREW, J.
Seeking damages for injuries inflicted on his day care teacher by a disturbed *857 student, plaintiffs, Katie Waldrip and her husband, James Waldrip, appealed a summary judgment in favor of the defendant, Allstate Insurance Company. The Allstate homeowners' policy excluded coverage for intentional acts. The trial court's grant of summary judgment is affirmed.

FACTS
Defendants, L.Y. and P.Y., are the parents of B.Y.,[1] who was an eight-year-old student at a day care center run by defendants, Kimberly and Kevin Buchberger. B.Y. suffered from emotional problems, including "rage attacks." He had stomped on several children at the day care center prior to the incident in question herein.
B.Y. attacked his teacher, Katie Waldrip, twice. First, B.Y. pushed a chair into Ms. Waldrip's leg, causing her to fall over a desk. On the second occasion, B.Y. hid behind two swinging doors and struck Ms. Waldrip in the back with a metal rod as she passed through the doors. Allegedly as a result of her injuries, Ms. Waldrip had to have surgery.
In April 2004, Ms. Waldrip and her husband sued L.Y. and P.Y., as well as Kimberly and Kevin Buchberger. In September 2004, the Waldrips added as a defendant Allstate Insurance Company, which provided homeowners' coverage for Mr. and Mrs. Y. Allstate then filed a motion for summary judgment in January 2006 on the grounds that its insurance policy excluded liability coverage for the intentional acts of B.Y., the vicarious liability of his parents, or their independent acts of negligence. The trial court subsequently granted summary judgment, indicating that the depositions showed that B.Y.'s actions were intentional. Thus, coverage was excluded pursuant to the intentional act exclusion in Allstate's policy. This appeal followed.

DISCUSSION
The exclusionary provision of Allstate's policy states:
We do not cover any bodily injury or property damage intended by or which may reasonably be expected to result from the intentional or criminal acts or omissions of an insured person. This exclusion applies even if:
a. Such insured person lacks the mental capacity to govern his or her conduct;
b. Such bodily injury or property damage is of a different kind or degree than intended or reasonably expected;
c. Such bodily injury or property damage is sustained by a different person than intended or reasonably expected.
Without question, B.Y. and his parents were "insured persons" under the policy.
An essentially identical exclusion for intentional acts was at issue in Bridgefield Cas. Ins. Co. v. Tripp, 41,483 (La. App. 2d Cir.11/9/06), 943 So.2d 632. Citing Hill v. Shelter Mut. Ins. Co., XXXX-XXXX (La.7/10/06), 935 So.2d 691, this court stated that insurance policies are contracts between the parties and are to be interpreted using the general rules of interpretation of contracts found in the Civil Code. When words in the policy are clear and explicit and lead to no absurd outcome, the policy is to be enforced as written. Exclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is resolved in favor of the insured. However, this strict exclusionary language makes subjective intent irrelevant if injury results from an intentional act. Bridgefield, supra.
Under the language of the policy exclusion, losses due to Ms. Waldrip's injuries *858 would be excluded from coverage if those injuries either were intended by B.Y., or were injuries that may reasonably be expected to result from B.Y.'s intentional acts. Furthermore, the exclusion would apply even if B.Y. lacked the mental capacity to govern his conduct, and would apply even if Ms. Waldrip's injuries were of a different kind or degree than intended or reasonably expected.
In her deposition, Ms. Waldrip unequivocally testified that B.Y. intended to ram her with the chair and intended to hit her with the metal rod. Furthermore, in his deposition, B.Y. simply denied remembering ever striking anyone at the day care. On the other hand, although he denied ever intending to injure anyone, he admitted that on occasions when he did hit or strike someone, he did not do it by accident, but intended to do it.
On appeal, the Waldrips point out that in their amending petition adding Allstate as a defendant, they had alleged that liability was predicated on the "independent acts of negligence and for the negligent acts and other acts of the minor child." They further argue that B.Y. repeatedly denied intentionally hitting, striking, or injuring Ms. Waldrip, and they assert that the question of whether B.Y. intentionally, hit, struck, or injured Ms. Waldrip is a genuine issue of material fact that precluded the granting of Allstate's motion for summary judgment. In this regard, the Waldrips asserted that summary judgment "simply cannot be granted in tort matters involving questions of intent or the credibility of witnesses." They cite the Louisiana Supreme Court's opinion in Penalber v. Blount, 550 So.2d 577 (La.1989), for the proposition that summary judgment is rarely appropriate for determinations based on subjective facts. While it is true that subjective matters such as intent ordinarily are not matters ripe for summary judgment, there are exceptions, and this case is such an exception.
Summary judgment shall be rendered forthwith when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The burden of proof with respect to summary judgment remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more of the elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Penalber, supra.
In the instant case, Allstate bore the burden of proof for summary judgment. However, once Allstate showed that its policy excluded coverage for intentional acts of an insured, and also placed on file the deposition testimony of Ms. Waldrip, who unequivocally stated that B.Y.'s acts were intentional, the burden of going forward shifted to the plaintiffs to rebut this evidence sufficiently to show the existence of a genuine issue of material fact. Review of the record shows that the plaintiffs were unsuccessful in this regard.
Although it is true that B.Y. stated in his deposition that he never intended to hurt Ms. Waldrip, the previously quoted language of Allstate's exclusion applies not only to bodily injury intended by an insured, *859 but also to bodily injury that may reasonably be expected to result from an intentional act. Thus, if the evidence shows that B.Y. intended to ram the chair into Ms. Waldrip and to strike her with the metal rod, and if resulting injuries are of the type that may reasonably be expected to result from such intentional acts, the exclusion applies. Furthermore, the exclusionary language goes even further to specifically state that the exclusion applies even if the bodily injury is of a different kind or degree than intended or reasonably expected. Under this objective standard, the evidence of B.Y.'s actions placed the alleged injuries squarely within the exclusionary language, B.Y.'s denial of any intent to hurt Ms. Waldrip notwithstanding. The acts of ramming a chair into someone and striking her with a metal rod are not acts that ordinarily would occur by accident, and Ms. Waldrip testified the acts were not accidental, but intentional. Furthermore, as noted previously, B.Y. testified in his deposition that he remembered nothing about the incidents; thus, he did not deny that the incidents occurred and, indeed, no one is questioning that B.Y. committed the acts that allegedly injured Ms. Waldrip.

DECREE
The judgment of the trial court is hereby affirmed at plaintiffs' costs.
AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS, GASKINS, DREW, MOORE and LOLLEY, JJ.
Rehearing denied.
GASKINS and LOLLEY, JJ., would grant a rehearing.
NOTES
[1] Initials are used throughout, in lieu of using the name of the child and his parents.